UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>THE GORDON R.A. FISHMAN IRREVOCABLE LIFE TRUST; HARVEY SCHWITZER, AS TRUSTEE OF THE GORDON R.A. FISHMAN IRREVOCABLE LIFE TRUST; GORDON R.A. FISHMAN, M.D.; HANNARETA FISHMAN; AND MUTUAL CREDIT CORPORATION,<br><br>Defendants. | Case No. ED CV 07-1338-SGL(OPx)<br><br>[PROPOSED] PROTECTIVE ORDER |

The Court recognizes that at least some of the documents and information (collectively "Information") being sought through discovery in the above-captioned action may be protected under constitutional, statutory, or common law rights to privacy, be subject to contractual restrictions, constitute or contain trade secrets or other confidential research, development, commercial, or proprietary information, or for competitive reasons normally be kept confidential by the parties. Without waiver of objections to the discoverability of any documents, the parties intend to provide a mechanism for discovery of relevant Information, otherwise not

objectionable, in a manner which protects all parties, including non-parties to this litigation, from the risk of disclosure of such Information. The parties have agreed to be bound by the terms of this Protective Order ("Order") in this action.

The Information to be exchanged throughout the course of the litigation between the parties may contain information may be protected under constitutional, statutory, or common law rights to privacy, subject to contractual restrictions, constitute or contain trade secrets or other confidential research, development, commercial, technical, cost, price, marketing or proprietary information, as is contemplated by Federal Rule of Civil Procedure 26(c)(1). The purpose of this Order is to protect the confidentiality of such Information as much as practical during the litigation.

THEREFORE, pursuant to Local Civil Rule 7-1:

## DEFINITIONS

1. The term "Confidential Information" shall mean and include information contained or disclosed in any Information, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be either "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" by any party to which it belongs.

2. The term "counsel" shall mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms of Orrick, Herrington & Sutcliffe LLP, Makoffs LLP, Drinker Biddle & Reath LLP, and Epport Richman & Robbins LLP.

## GENERAL RULES

3. Nothing herein shall be deemed: (1) a waiver of any objection any party or non-party may raise to the production of any documents and in support of a

refusal to produce such documents, or (2) an admission to the relevancy of the documents requested.

4. This Protective Order governs the handling of Confidential Information, including, but not limited to, documents, deposition testimony and exhibits, interrogatory responses, responses to requests for admissions, responses to demands for inspection, and any summaries or descriptions of such documents and information, produced or provided by any party or other person in response to a discovery request in this action. Each party shall serve a copy of this Protective Order on all parties and other persons from whom it seeks discovery in this action.

5. The parties agree that Confidential Information obtained through discovery in this action shall be used solely by the parties to this litigation for purposes of this action. This provision shall not be construed as a waiver of the right of any party to seek Confidential Information in any other action or arbitration, including the same Confidential Information obtained through discovery in this action. All contractual confidentiality provisions and restrictions shall be strictly obeyed and enforced.

6. Each party to this litigation that produces or discloses any Confidential Information, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY."

    a. Designation as "CONFIDENTIAL": Any party may designate Confidential Information as "CONFIDENTIAL" if the information contained or expressed therein has not been disclosed to the public and if public disclosure of such information is either restricted by law or would, in the good faith opinion of the Producing Person, (i) contain trade secrets or other commercially sensitive information, (ii) contain

        confidential research, development or commercial information, (iii) contain sensitive, health, or personal financial information, or (iv) otherwise adversely affect the Producing Person's business, commercial, financial, or personal interests, or be reasonably likely to pose a risk of significant harm to the Producing Person's competitive or financial position or the competitive or financial position of a non-party that is owed a duty of confidentiality by the Producing Person.

    b. Designation as "ATTORNEYS EYES ONLY": Any party may designate Confidential Information as "ATTORNEYS EYES ONLY" if the information expressed therein has not been disclosed to the public and in the good-faith opinion of the Producing Person contains trade secrets or other commercially or competitively sensitive information, highly confidential research, development or commercial information, or highly sensitive or financial or personal information.

7. In the event the producing party elects to produce Confidential Information for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all Confidential Information produced shall be considered as "ATTORNEYS EYES ONLY," and shall be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified Confidential Information for copying by the inspecting party, the producing party shall, within a reasonable time prior to producing that Confidential Information to the inspecting party, mark the copies of the Confidential Information that contain Confidential Information with the appropriate confidentiality marking.

8. Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information of any party:

    a. said deposition or portions thereof shall be designated as containing Confidential Information subject to the provisions of this Order; such

designation shall be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; a party shall have until fourteen (14) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript designated "CONFIDENTIAL" or "ATTORNEYS EYES ONLY"; any deposition transcript not designated "CONFIDENTIAL" or "ATTORNEYS EYES" at the time of the deposition shall be treated as "CONFIDENTIAL" until fifteen (15) days after its receipt by all parties;

b. the disclosing party shall have the right to exclude from attendance at said deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to paragraphs 10-11 below; and

c. the originals of said deposition transcripts and all copies thereof shall bear the legend "CONFIDENTIAL" or "ATTORNEYS EYES ONLY," as appropriate, and the original or any copy ultimately presented to a court for filing shall not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

9.  All Confidential Information designated as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" shall not be disclosed by the receiving party to anyone other than those persons designated herein and shall be handled in the manner set forth below and, in any event, shall not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

10. Information designated "CONFIDENTIAL" shall be viewed only by counsel (as defined in paragraph 2) of the receiving party, by independent experts, and by the additional individuals listed below, provided each such individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms:

    a. the Court (including appellate courts), arbitrators, and mediators, and the personnel of any of the foregoing;

    b. "outside" and "inside" counsel to all parties in this litigation, including "outside" and "inside" counsel of any party's members, affiliates or investors and the counsel's regular and temporary employees and service vendors;

    c. author(s), addressee(s), subject(s), and recipient(s) of the Confidential Information;

    d. officers, directors, and employees (current or former) of any of the parties to this litigation or their members, affiliates or investors that are assisting counsel in the prosecution or defense of this litigation or whom counsel must advise concerning the status of this litigation, the trustees of a trust entity party, or a family member of an individual party who is assisting such individual party in the prosecution or defense of this litigation;

    e. experts and consultants (and their employees) employed by or retained by any of the parties to this litigation or their counsel who are assisting counsel in the prosecution or defense of this litigation;

    f. actual or potential deponents or witnesses in this action, and their counsel, during the course of their deposition or testimony or, to the extent necessary, in preparation for such depositions or testimony;

    g. stenographers engaged to transcribe depositions conducted in this action.

11. Confidential Information designated as "ATTORNEYS EYES ONLY" may only be used in preparation for and during the trial or mediation of this litigation, and for no other purpose. Except as provided herein, with the express written permission of the Producing Person, or upon order of the Court, counsel shall not discuss any Information designated as "ATTORNEYS EYES ONLY" with or deliver, exhibit, or disclose any such Confidential Information in any manner to any person(s), organization(s), or group(s), other than:

a. the Court (including appellate courts), arbitrators, and mediators, and the personnel of any of the foregoing;

b. outside counsel to all parties in this litigation, and their paralegal, clerical, and other support staff on a "need to know" basis and inside counsel to all parties in this litigation;

c. author(s), addressee(s), and previous recipient(s) of the Attorneys Eyes Only Information;

d. third party testifying experts and other relevant experts provided that said expert certifies, in writing, to the party retaining that expert that they are not employed by, affiliated with or related to a competitor of one of the other parties in this litigation;

e. stenographers engaged to transcribe depositions conducted in this action during which such Attorneys Eyes Only Information is marked and used.

12. All Confidential Information which has been designated as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" by the producing or disclosing party, and any and all reproductions thereof, shall be retained in the custody of the counsel for the receiving party identified in paragraph 3, except that independent experts authorized to view such Confidential Information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

13. Except by written consent of the Producing Person, each person (other than the attorneys of record, in-house attorneys, their respective legal assistants and staff, and Court personnel) to whom Confidential Information designated as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" may be disclosed under this Protective Order shall be provided with a copy of this Protective Order and shall certify in the declaration attached as Exhibit A, prior to the time he or she receives such Confidential Information in any form whatsoever, that he or she has carefully read the Protective Order and fully understands its terms and will be bound by its terms. Counsel disclosing Information designated as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" to any such person shall retain the original executed

1 | copy of the declaration and is required to disclose the executed declarations to
2 | opposing counsel only upon order of the Court.

3 |     14.   Failure to designate Confidential Information as "CONFIDENTIAL"
4 | or "ATTORNEYS EYES ONLY" using the procedures described above shall not
5 | operate to waive a party's right to later so designate such material. Once such a
6 | designation is made by written notice and new copies of properly marked materials
7 | sent to all counsel in the Litigation, the relevant Confidential Information shall be
8 | treated thereafter as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" in
9 | accordance with this Stipulation and Protective Order. In the event that there is an
10 | interval between the written notice and the provision of new copies of properly
11 | marked materials, the parties shall use their best efforts to treat those documents
12 | identified in the written notice according to their new designation until such time as
13 | the properly marked materials are received.

14 |     15.   Confidential Information produced before the execution of this
15 | Protective Order may be designated as "CONFIDENTIAL" or "ATTORNEYS
16 | EYES ONLY" by notifying each party in writing of the Confidential Information to
17 | be so designated within thirty (30) days of notice of the execution of this Protective
18 | Order.

19 |     16.   Before or concurrent with the production of any Confidential
20 | Information in discovery, answers to interrogatories, responses to requests for
21 | admissions, deposition transcripts, or other documents which are designated as
22 | Confidential Information are filed with the Court for any purpose, the party seeking
23 | to file such Information shall seek permission of the Court to file said Confidential
24 | Information under seal. The parties will follow and abide by applicable law,
25 | including L.R. 79-5, when appropriate for filing documents under seal in this Court.

26 |     17.   At any stage of these proceedings, any party may object to a
27 | designation of the Confidential Information as Confidential Information. The party
28 | objecting to confidentiality shall notify, in writing, counsel for the designating party

of the objected-to Information and the grounds for the objection. If the dispute is not resolved consensually between the parties, the objecting party may move the Court for a ruling on the objection. In such an event, the burden shall remain on the designating party to demonstrate that protection of the Information is proper. The Information at issue shall be treated as Confidential Information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

18. All Confidential Information shall be held in confidence by those inspecting or receiving it, and shall be used only for purposes of this action. Counsel for each party, and each person receiving Confidential Information shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

19. No party shall be responsible to another party for disclosure of Confidential Information under this Order if the Information in question is not labeled or otherwise identified as such in accordance with this Order.

20. If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the Information as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the Information before receiving the

1  designation, the receiving party must notify the designating party in writing of each
2  such disclosure. Counsel for the parties shall agree on a mutually acceptable
3  manner of labeling or marking the inadvertently produced Information as
4  "CONFIDENTIAL" or "ATTORNEYS EYES" - SUBJECT TO PROTECTIVE
5  ORDER.
6      21.   Nothing in this Order shall bar counsel from rendering advice to their
7  clients with respect to this litigation and, in the course thereof, relying upon any
8  information designated as Confidential Information, provided that the contents of
9  the information shall not be disclosed.
10     22.   Nothing herein shall be construed to prevent disclosure of Confidential
11 Information if such disclosure is required by law or by order of the Court.
12     23.   Upon final resolution of this litigation, including all appeals, all
13 Information designated as "CONFIDENTIAL" or "ATTORNEYS EYES" shall be
14 destroyed by the party possessing the Information unless the Producing Person
15 requests its return, in which case all the Information shall be returned within 30
16 days. Notwithstanding the foregoing, counsel for each party may retain all
17 pleadings, briefs, memoranda, motions, and other documents filed with the Court
18 that refer to or incorporate Confidential Information, and will continue to be bound
19 by this Order with respect to all such retained information. Further, attorney work
20 product Information that contains Confidential Information need not be destroyed,
21 but, if they are not destroyed, the person in possession of the attorney work product
22 will continue to be bound by this Order with respect to all such retained
23 Information.
24     24.   The restrictions and obligations set forth herein shall not apply to any
25 Information that: (a) the parties agree should not be designated Confidential
26 Information; (b) the parties agree, or the Court rules, is already public knowledge;
27 (c) the parties agree, or the Court rules, has become public knowledge other than as
28 a result of disclosure by the receiving party, its employees, or its agents in violation

of this Order; or (d) has come or shall come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by preproduction documentation.

25.     A party who believes in good faith that there has been a disclosure of information in violation of the "ATTORNEYS EYES ONLY" provisions of this Protective Order is entitled to seek relief on an expedited basis, including by ex parte application or by Order to Show Cause, provided five (5) days notice is given to the other party.

26.     The restrictions and obligations herein shall not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession thereof.

27.     This Order may be modified by agreement of the parties, subject to approval by the Court.

28.     This Protective Order may be modified by further order of the Court, or by agreement of counsel for the parties subject to the approval of the Court, provided that any such agreement shall be in the form of a written stipulation filed with the clerk of the Court and made a part of the record in this case.

29.     The deposition of Dr. Gordon Fishman and all early disclosures documents previously produced and/or exchanged by the parties, or used by any party in the Fishman Deposition, are to be deemed CONFIDENTIAL notwithstanding anything to the contrary in this Stipulation and Order and regardless of whether such deposition and/or documents were stamped "CONFIDENTIAL" at the time they were produced. All such testimony and documents shall be handled as if they were stamped "CONFIDENTIAL" pursuant hereto.

1
2  IT IS SO ORDERED, this _____ day of ~~September~~ 2nd October, 2008.
3
4  _____
5                                OSWALD PARADA
6                              U.S. MAGISTRATE JUDGE
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br><br>            Plaintiff,<br><br>      v.<br><br>THE GORDON R.A. FISHMAN IRREVOCABLE LIFE TRUST; HARVEY SCHWITZER, AS TRUSTEE OF THE GORDON R.A. FISHMAN IRREVOCABLE LIFE TRUST; GORDON R.A. FISHMAN, M.D.; HANNARETA FISHMAN; AND MUTUAL CREDIT CORPORATION,<br><br>            Defendants. | Case No.  ED CV 07-1338-SGL(OPx)<br><br>**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |

I, _____ , declare and say that:

1. I am employed as _____ by _____ .

2. I have read the Protective Order entered in *The Lincoln National Life Insurance Company v. The Gordon R.A. Fishman Irrevocable Life Insurance Trust, et al.*, Case No. ED CV 07-1338-SGL(OPx), and have received a copy of the Protective Order.

3. I promise that I will use any and all "Confidential" or "Attorneys Eyes Only" Information, as defined in the Protective Order, given to me only in a manner authorized by the Protective Order, and only to assist counsel in the litigation of this matter.

4. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Central District of California with respect to enforcement of the Protective Order.

5. I understand that any disclosure or use of "Confidential" or "Attorneys Eyes Only" Information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

Date: _____

Signature: _____

OHS West:260467448.3

- 14 -

ED CV 07-1338-SGL (OPx)

[PROPOSED] PROTECTIVE ORDER